IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIAN C. BONNER, #K96664, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1080-MJR |
| ) | |
| C. TICER et al, ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Big Muddy Correctional Center ("Big Muddy"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined under a 2002 judicial order that declared him a sexually dangerous person. Plaintiff claims that the thirty-nine named defendants, all correctional officers and counselors at Big Muddy, have failed to protect him from harassment and stalking by fellow inmate Dave Williams. Plaintiff ended a personal relationship with Williams in 2010 and states that Williams has harassed and abused him on a daily basis since then. Specifically, Plaintiff states that Williams stares at him, blocks his doorway, bumps into him and places food on his dining tray (Doc. 1, p. 9). Plaintiff states this constitutes emotional torture and that he finds the behavior draining and stressful. He has repeatedly notified defendants of his fellow inmate's behavior, and while they have confronted Williams numerous times, Plaintiff feels that the situation has not been adequately addressed and his constitutional rights are being violated.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

1

>(a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>(b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
>(2) seeks monetary relief from a defendant who is immune from such relief

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against any defendant.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996).

In the present case, Plaintiff has complained of harassing, stressful acts by Williams that he describes as stalking behavior. And while Plaintiff complains generally about defendants' indifference to his "health, safety and well-being," it does not appear that he has been threatened with assault or other similar physical harm (Doc. 1, p.9).

Moreover, Plaintiff names thirty-nine defendants, but his pleadings primarily state general claims that officials are not doing enough to stop Williams' behavior. He states that on

December 24, 2011, he told Defendant Goch that Williams attempted to touch Plaintiff and place food on his tray, and Defendant Goch stated he would keep an eye on the situation (Doc. 1, p. 9). On January 7, 2012, Plaintiff told Defendants Province and Johnson that Williams bumped into him at lunch (*Id.*). Other than these two incidents, Plaintiff provides no specifics about any particular claim against any of the remaining thirty-seven defendants. He states merely that he has talked to various officers about Williams' troubling behavior. He does not indicate that he has suffered any physical harm, or has been threatened with assault. Nor does it appear that his complaints to defendants indicate any threat of physical harm. Plaintiff refers to attachments to his pleadings that detail his grievances, however, the Court has not received any such attachments.

When a plaintiff has been attacked by another inmate, if he is to succeed on a failure to protect claim, he must show the defendants knew there was a substantial risk that those who attacked plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

> A prisoner's interest in safety does not lead to absolute liability, however, any more than the state is the insurer of medical care for prisoners . . . . [T]he eighth amendment has a mental component. The eighth amendment addresses only punishment. Whether an injury inflicted by fellow prisoners . . . is "punishment" depends on the mental state of those who cause or fail to prevent it. . . . Other mental states, including total indifference to risks, come so close to deliberateness that courts treat them alike. Thus judges speak . . . of "deliberate indifference" or "recklessness" as the functional equivalent of intent. Although there are shadings of meaning here, total unconcern for a prisoner's welfare – coupled with serious risks – is the functional equivalent of wanting harm to come to the prisoner.

*McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

Plaintiff's ongoing issues with Mr. Williams may be irksome, however, prison officials, whom Plaintiff admits have confronted Williams about his bothersome behavior, have not been made aware of a serious risk to Plaintiff.  Their inability to stop Williams from these bothersome interactions, despite their efforts to intervene, does not rise to deliberate indifference. Indeed, it is unclear that officials have the ability to prevent such interactions among inmates.

If Plaintiff feels that he is in danger of assault or physical harm, he may request prison officials to place him in protective custody.  At this point, it does not appear that Plaintiff has made that request.  If Plaintiff should request protective custody and be denied, he may petition the court for injunctive relief.  If he should do so, he should bear in mind the following:

"Before a court may award permanent injunctive relief, a party must demonstrate (1) it has succeeded on the merits; (2) no adequate remedy at law exists; (3) the moving party will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm the nonprevailing party will suffer if the injunction is granted; and (5) the injunction will not harm the public interest." *Old Republic Ins. Co. v. Emp'rs Reinsurance Corp.,* 144 F.3d 1077, 1081 (7th Cir. 1998) (citing *Amoco Prod. Co. v. Vill. of Gambell,* 480 U.S. 531, 546 n. 12 (1987)) (additional citations omitted).

**Pending Motions**

Plaintiff's Motion for Appointment of Counsel is **DENIED** as moot (Doc. 3).

**Disposition**

Plaintiff's allegations against Defendants for failure to protect fail to state a claim upon which relief can be granted and are **DISMISSED** without prejudice. All Defendants are dismissed without prejudice.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**.

**IT IS SO ORDERED.**

**DATED: December 6, 2012**

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge
